OPINION
Defendant Douglas Conners appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted and sentenced him for one count of assault in violation of R.C. 2903.13, after a jury found him guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE GUILTY VERDICT RETURNED BY THE JURY IS NOT SUPPORTED BY THE EVIDENCE PRODUCED AT TRIAL.
At trial, the State presented evidence in the early morning hours of December 21, 1996, Patrolman Earl Roe, of the Newark Police Department observed appellant holding a baseball bat, in the parking lot of a bar. When the officer approached appellant, appellant first dodged behind a truck near a trash dumpster. Appellant re-emerged walking briskly, and accelerated when the officer spoke to him. Eventually, appellant ran and Officer Roe gave chase. When the officer caught up to appellant, appellant turned and struck the officer on the lower left portion of his mouth. The officer testified it was not a hard hit, and appellant used an open hand to inflict it. The officer testified he was not injured, although he tasted blood after the blow. Officer Roe testified he did not see the blow coming and did not intend to arrest appellant for any offense at the time. The State then called Patrolman Daren Logan, who testified he found the baseball bat near a dumpster in the parking lot of the bar. The State also called Randy Winch, who testified he was an acquaintance of appellant and played ball with him. Winch testified on a prior occasion several weeks before trial, appellant told him he was selling his motorcycle because he was going back to jail for striking a policeman. Winch also testified he was Patrolman Roe's cousin.
Appellant argues the evidence introduced at trial is legally insufficient to justify a finding of guilty, and not supported by the manifest weight of the evidence. In order to be convicted of violating R.C. 2903.13, the State must show appellant knowingly caused or attempted to cause physical harm to Officer Roe. Appellant argues there was no evidence introduced at trial to establish the element of "knowingly". On cross examination, Officer Roe testified he did not know whether appellant struck him purposely or by accident.
In the recent case of State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court noted questions of the sufficiency of evidence test the legal adequacy of the State's case. The issue is similar to one raised by a motion for acquittal pursuant to Crim. R. 29. The question presented is a legal one of whether reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt, see State v. Bridgeman (1978), 55 Ohio St.2d 261.
Questions of whether a jury's verdict is against the manifest weight of the evidence requires the court to review the entire record, weighing the evidence and the reasonable inferences therefrom, considering the credibility of the witnesses, in order to determine whether the jury lost its way in its deliberation,Thompkins, at 387, citations deleted.
We have reviewed the record, and we find there was sufficient competent and credible evidence from which the jury could find the State proved each element of the crime beyond a reasonable doubt. Although the State presented no direct evidence of mens rea, the evidence that appellant fled from the officer before, and after the blow, coupled with the testimony of Randy Wince, would allow the jury to infer appellant knowingly struck Officer Roe.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur